IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                       ORDER

                Plaintiff,

                              09-cv-694-slc[1]

       v.

BADGER PRAIRIE FOODS,
DANE COUNTY ADMINISTRATION,
TRENTON SCHAFER, LT. TWOMBLY
and SGT. LINDSLEY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff James Grant, a prisoner at the Dane County jail in Madison, Wisconsin, has submitted a proposed complaint under 42 U.S.C. § 1983 and a request for leave to proceed in forma pauperis. The request will be denied because plaintiff does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over these cases.

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has been aware of his three-strike status since at least February 2009, see, e.g., Grant v. Barth, 08-cv-669-slc (W.D. Wis. Feb. 10, 2009) (denying leave to proceed in forma pauperis on appeal under 28 U.S.C. § 1915(g) and listing three 2008 cases qualifying for strikes).  Thus, he must prepay the filing fee for this lawsuit unless he alleges that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner  must allege a physical injury that is imminent or occurring at the time the complaint is filed and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).

In his complaint, plaintiff alleges that 1) in April 2008, defendant Schafer "illegally" extracted plaintiff from his cell; 2) defendant Lindsley "gave [plaintiff] a discipline for something [he] didn't do"; 3) defendant Twombly "placed a restriction" on plaintiff for filing a grievance; and 4) defendant Badger Foods "provided [plaintiff] a foodloaf."  In addition, plaintiff alleges that Dane County jail staff are conspiring with courtroom deputies and individuals in the district attorney's office in an effort to coerce plaintiff into entering a guilty plea to charges pending against him in another court.

Plaintiff's claims against defendants Schafer, Lindsley, Twombly and Badger Foods are allegations of past harm.  Although plaintiff has not provided specific dates for these

claims, it is clear from his complaint that the incidents he describes occurred in the past and are not ongoing.  Moreover, plaintiff does not allege that he has experienced any physical injury as a result of the actions of defendants Schafer, Lindsley, Twombly and Badger Foods. Therefore, I cannot find that plaintiff's claims against these defendants qualify for the imminent danger exception under § 1915(g).

Plaintiff alleges that he is presently the victim of a conspiracy among various state officials who have joined together to coerce him into entering a guilty plea to charges pending against him in another court.  He asserts that Dane County jail officials started the conspiracy in an effort to have him removed from their custody.  However, plaintiff has alleged no facts that would allow an inference to be drawn that he is in imminent danger of serious physical injury.  It is not enough for plaintiff to suggest that because he filed grievances against jail officials or because disciplinary actions have been taken against him at the jail that the groups of individuals he has named would conspire together to harass him or cause him physical harm.  In sum, plaintiff's complaint is not a complaint requiring application of the exception to § 1915(g).

Although plaintiff is disqualified from proceeding in forma pauperis on his claims under § 1915(g), he may choose to pursue this case as a paying litigant.  If so, he must submit a check or money order made payable to the clerk of court in the amount of $350. If he does this, however, plaintiff should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

monetary relief from a defendant who is immune from such relief.  If plaintiff does not make the $350 payment by December 22, 2009, I will consider that he does not want to pursue this action.  In that event, the clerk of court is directed to close this file.


ORDER

IT IS ORDERED that plaintiff James Grant's request for leave to proceed in forma pauperis is DENIED because plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that plaintiff may have until December 22, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by December 22, 2009, plaintiff fails to pay the fee, the clerk of court is directed to close this file.

Entered this 2nd day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4